STATE of Minnesota, Respondent,

v.

Dean Allen BERGE, Appellant.

No. 48471.

Supreme Court of Minnesota.

Dec. 7, 1979.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Jane Prohaska, Spec. Asst. Atty. Gen., St. Paul, Scott Hill, County Atty., Faribault, for respondent.

KELLY, Justice.

Defendant, convicted by a district court jury of one of two counts of perjury, Minn. Stat. § 609.48 (1978) contends on this appeal from judgment of conviction that the trial court erroneously admitted evidence in violation of his Fifth Amendment privilege, that the trial court's instructions were inadequate, that there was legally insufficient evidence that he intentionally testified falsely, and that his conviction, in any event, was barred because as a matter of law he recanted the false testimony before its falsity was discovered. We affirm.

The perjury charges against defendant arose from his testimony, in two separate proceedings, about the role of an alleged accomplice in a theft. The first charge related to allegedly false testimony defendant gave at a hearing on his guilty plea. The second, the one of which he was convicted, related to testimony he gave at the trial of the accomplice in question. At the trial defendant testified, as he had at his guilty plea hearing, that this accomplice had participated with him in both parts of the theft, which involved, first, moving and hiding the property in question and, second, picking up the property later. However, on cross-examination defendant completely changed his testimony, saying that the alleged accomplice had not participated at all in the first part of the theft and he was drunk and did not have any criminal intent when he helped pick up the item later. The jury in the perjury trial concluded that defendant had lied at some point in his testimony at the prior trial and found him guilty of the charge.

■ 1. Defendant's first contention is that the court erred in permitting the prosecutor to introduce against him at his perjury trial evidence that on redirect-examination in the prior trial of his alleged accomplice he had admitted that he had lied on direct. Defendant's contention is that this evidence was inadmissible because he was not warned, before he made his admission, that he had a privilege against answering the question. We need not decide whether as a federal constitutional matter defendant should have been given a warning, but the thrust of recent decisions of the United States Supreme Court indicates that such a warning was not required. See, United States v. Washington, 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1977); United States v. Mandujano, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976). However, we need not rule on this point because it appears that the so-called perjury exception—which is that perjury is not an acceptable alternative to the Fifth Amendment privilege—would justify use of the evidence in any event, as the prior testimony on redirect about having lied may itself have been perjury. See, United States v. Wong, 431 U.S. 174, 179, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977); United States v. Mandujano, supra, 425 U.S. at 584, 96 S.Ct. 1768. While the trial court clearly would have been justified in giving a warning, we do not believe that the court erred in failing to do so or that the evidence should have been suppressed as a result.

2. Defendant's next contention is that the trial court erred in failing to instruct the jury concerning the recantation doctrine. Defendant did not request any such instruction or object to the lack of such an instruction. Accordingly, the issue must be deemed forfeited.

3. Defendant's contention that there was legally insufficient evidence that he intentionally gave false testimony is without merit. A reading of the transcript of this testimony convinces us that the jury was justified in concluding that defendant had lied either on direct or on cross, one or the other. As provided in Minn.Stat. § 609.48, subd. 3 (1978), when a witness has made inconsistent material statements, the prosecutor need not prove which was false but only that one or the other had to be both false and not believed by the defendant. That was the case here.

4. Defendant's final contention is that even if the evidence would support a finding that his testimony on direct was knowingly false, his conviction still was barred because as a matter of law his testimony on cross amounted to a recantation before the falsity of the earlier testimony was discovered.

While the recantation doctrine or defense is not a constitutionally based doctrine— see, *United States v. Norris*, 300 U.S. 564, 57 S.Ct. 535, 81 L.Ed. 808 (1937)—it does appear from the advisory committee comments to Minn.Stat.Ann. § 609.48 (1978) that the legislature probably intended to permit such a defense. Specifically, the comments state as follows: "Correction or retraction of perjured testimony is not specifically eliminated as a defense. It was felt that if a witness desires to correct or retract an earlier false statement he should be encouraged to do so." 40 Minn.Stat. Ann. at p. 420.

This is not the case to explicate the defense other than to say that it is clear the defense had no application here. The defense, which was not raised by defendant at trial or instructed upon by the court, would have been applicable by the jury only if the jury determined that the testimony defendant gave on direct at the prior trial was false and that it was his testimony on cross which was true. However, the case was submitted, without objection, in accordance with Minn.Stat. § 609.48, subd. 3 (1978)—that is, in such a way that the jury's finding of guilt could have been based on a determination that the testimony on direct was true and the testimony on cross false. Further, even if the testimony on direct was false and the testimony on cross true, we could not conclude that the defense applied as a matter of law, because the record at the very least suggests that defendant's falsification substantially affected the outcome of the trial of his alleged accomplice on the theft charge. The recantation defense has no application in such a situation.

Affirmed.