**STATE of Minnesota, Respondent,**

v.

**George MACH, Appellant.**

**No. C0-87-37.**

Court of Appeals of Minnesota.

Sept. 8, 1987.

---

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Gary Fridell, Goodhue Co. Atty., Red Wing, for respondent.

C. Paul Jones, State Public Defender, Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and PARKER, and SEDGWICK, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant George D. Mach, Sr., was convicted of perjury. He appeals, claiming that the evidence was insufficient to support the verdict. We affirm.

## FACTS

George Mach and his wife were divorced in 1982. Mach was ordered to pay $1,000 per month child support for the couple's eight minor children, with the amount to be reduced by four percent as each child reached the age of 18. Mach made one support payment, in January 1982, and then paid no further child support.

After the divorce, Mach was unemployed until November 1983, when he arranged to drive a truck for his friend, Richard Jacobsen. Pursuant to their arrangement, Jacobsen bought a truck and leased a trailer, while Mach arranged for loads to be hauled and drove the truck. Mach collected an advance payment from each customer and paid all of his traveling expenses out of that payment. The rest of the money, as well as any money collected at the end of the run, was turned over to Jacobsen to make the truck and trailer payments, which totaled $3,000–$4,000 per month. Mach testified that he believed any money remaining after those payments would be his; in addition, he believed he was gaining equity in the truck.

In the fall of 1984, Goodhue County served Mach with an order to show cause for his failure to comply with the child support order. In response, Mach moved for a reduction in his child support obligation and filed an affidavit dated January 16, 1985, containing the following sworn statement:

> In December, 1983, a friend of mine offered me a job as a driver of one of his trucks. In return for my services, I receive a modest stipend for my food and clothing costs while on the road. I live in the cab of the trailer.

The trial court adopted this assertion in its findings of fact and reduced Mach's child support obligation to $175 per month.

A few months later, the truck that Mach had been driving was repossessed. Feeling that Jacobsen owed him either retained monies or his equity in the truck, Mach sought a temporary restraining order to prevent repossession of the truck pending a judicial determination of its legal ownership. In the verified complaint, Mach asserted that

he was the "owner-operator" of the truck and that any excess funds remaining after Jacobsen made the monthly lease and contract payments were to be invested for Mach's sole benefit. In an affidavit dated September 13, 1985, Mach swore that the contents of the complaint were true and correct in all respects. He also swore that he stood to lose $4,300 in the next nine days due to the repossession of the truck and that he had turned over approximately $180,000 to Jacobsen, which was "far in excess of the amounts necessary to make the required monthly lease and contract payments." Mach further swore that Jacobsen was merely to be a "conduit" for Mach's payments on the truck lease and trailer purchase and that Mach was "ready, willing and able" to make the required payments himself.

Shortly thereafter, Goodhue County officials learned of Mach's civil lawsuit and filed a criminal complaint charging him with perjury in violation of Minn.Stat. § 609.48, subds. 1(1); 1(2) and 3 (1986). After a trial before the court sitting without a jury, Mach was found guilty as charged. The trial court found that Mach had committed perjury by intentionally failing to disclose information regarding his future equity interest in the truck in the January affidavit and subsequently verifying a complaint in September wherein he claimed a right to receive that interest as income. Mach appeals from the conviction.

### ISSUE

Was the evidence sufficient to support Mach's conviction for perjury?

### DISCUSSION

This court, in reviewing the sufficiency of the evidence in criminal cases, will apply the same standard of review to cases heard before a court without a jury as is applied to those heard by a jury. Accordingly, this court will uphold the district court's finding if, based on the evidence contained in the record, the district court could reasonably have found defendant guilty of the crime charged. Moreover, in making this determination the court must view the evidence in a manner most favorable to the state and assume that the district court disbelieved contradictory testimony.

*State v. Cox,* 278 N.W.2d 62, 65 (Minn. 1979) (citations omitted).

Mach was charged under both Minn.Stat. § 609.48, subd. 1 and subd. 3 (1986). The trial court found him guilty on both counts. Minn.Stat. § 609.48, subd. 3 (1986), provides:

When the declarant has made two inconsistent statements under such circumstances that one or the other must be false and not believed by the declarant when made, it shall be sufficient for conviction under this section to charge the jury to find that, without determining which, one or the other of such statements was false and not believed by the declarant.

Mach argues that his January 1985 and September 1985 statements were not inconsistent. Viewing the evidence in the light most favorable to the state, we cannot agree. Mach's January affidavit recited:

1. I am the Respondent in the above-entitled action and make this affidavit in support of my Motion filed concurrently herewith.

2. At the time of the dissolution of my marriage to Sharon Marie Mach, I was self-employed as a truck driver. After the dissolution was entered, one of my creditors repossessed the truck and trailer we owned.

3. Thereafter, I was unable to find a job as a truck driver and was reduced to living on the streets of Minneapolis from the early spring of 1983 through December, 1983. I had no income during this period.

4. In December, 1983, a friend of mine offered me a job as a driver of one of his trucks. In return for my services, I receive a modest stipend for my food and clothing costs while on the road. I live in the cab of the trailer.

5. I have not willfully violated the Court's Order concerning child support, but rather have been completely unable

to pay the ordered support since February, 1983.

6. I am willing to cut my food and clothing budget while on the road in order to pay $100 child support.

The import of this statement was clear. In moving for a reduction in his monthly child support obligation, Mach was required to make a true and complete disclosure of his income. The trial court's adoption of his statement in its findings when lowering his child support obligation indicates that it relied on his assertion that the food and clothing stipend was his only source of income.

In the September verified complaint and affidavit, Mach made several assertions that he was entitled to additional income, that he was gaining equity in the truck, and even that he was the truck's owner-operator. These sworn documents were inconsistent with his January affidavit. Therefore, either the September verified complaint and affidavit or the January affidavit were false and could not have been believed when made. This is precisely the situation that section 609.48, subd. 3 (1986), defined as perjury. *See, e.g., State v. Berge*, 288 N.W.2d 687, 689 (Minn.1979) (affirming conviction under section 609.48, subd. 3, when defendant's testimony indicated he "had lied either on direct or cross [examination], one or the other").

Having determined that at least one of Mach's sworn statements was false and not believed to be true when made, it follows that the evidence was also sufficient to convict Mach under section 609.48, subd. 1 (1986), which prohibits the making of such statements:

Whoever makes a false material statement not believing it to be true in any of the following cases is guilty of perjury * * *:

(1) In or for an action, hearing or proceeding of any kind in which the statement is required or authorized by law to be made under oath or affirmation; or

(2) In any writing which is required or authorized by law to be under oath or affirmation.

Therefore, we conclude that the trial court reasonably could have found Mach guilty of perjury under both subdivisions of section 609.48 (1986).

### DECISION

The evidence was sufficient to support Mach's conviction for perjury under Minn. Stat. § 609.48, subds. 1 and 3 (1986).

Affirmed.